UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| MESA POWER GROUP, LLC. | ) | |
| Petitioner, | ) | |
| | ) | Case No. 16-cv-1101 |
| - against - | ) | |
| | ) | |
| GOVERNMENT OF CANADA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

***EXPEDITED* MOTION FOR SERVICE ON
RESPONDENT'S LAWYER MS. SYLVIE TABET
AND INCORPORATED MEMORANDUM OF LAW**

Mesa Power Group, LLC ("Mesa Power") moves, on an expedited basis, to allow service of the notice of this proceeding to the lawyers for the Respondent, the Government of Canada, to the extent it is deemed to be required under 9 U.S.C. § 12.  This motion should be granted for the reasons set forth in the accompanying memorandum of law.

**MEMORANDUM OF LAW**

Mesa Power has filed a Petition to Vacate an Arbitration Award that was rendered in favor of Respondent, the Government of Canada (DE 1) ("Petition").

9 U.S.C. § 12, which governs proceedings to vacate an arbitral award pursuant to the Federal Arbitration Act, provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  Some courts have interpreted this section to mean that service of the notice

of the motion to vacate must be accomplished upon Canada or its attorney within the three-month period, not just filing.  Here, that would need to be accomplished by July 4, 2016.[1]

Service on Canada is being sought pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, 362, T.I.A.S. No. 6638 ("Hague Service Convention").

Service on Canada is also being accomplished "in accordance with [a] special arrangement for service between" Mesa Power and the Government of Canada.  See 28 U.S.C. § 1608(a)(1) ("Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state: (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign statement or political subdivision.").

Here, Mesa Power and the Government of Canada agreed through Procedural Order No. 1 that "all notifications and communications by the Parties … shall be made, by e-mail."  Proc. Order No. 1 § 16.3.  Courts in the D.C. Circuit have agreed that provisions establishing the method of delivering notice is akin to service of process.  Int'l Rd. Fed'n v. Embassy of the Democratic Republic of the Congo, 131 F. Supp. 2d 248, 251 (D.D.C. 2001) (provision in sublease agreement providing that "[a]ll notices, demands, or requests between Sublessor and Sublessee shall be delivered in person, by certified mail, return receipt requested, or by registered mail ..." was sufficiently broad to constitute a special arrangement for service of process); Marlowe v. Argentine Naval Com'n, 604 F. Supp. 703, 708 (D.D.C. 1985) ("Service of

---

[1] On March 31, 2011, the Permanent Court of Arbitration submitted courtesy emails of the Award and Concurring and Dissenting Opinions to the Parties.  On that same date, a hard copy of the Award and Concurring and Dissenting Opinions was dispatched via special courier to the Parties.  The hard copy Award and Concurring and Dissenting Opinions was not received by Mesa until April 5, 2016.  UNCITRAL Rule 2(1) provides that notification is "deemed to have been received if it is physically delivered to the addressee."  Further, notice is deemed to have "been received on the day it is so delivered." UNCITRAL Rule 2(1). Here, the Parties agreed that all notifications and communications would be via email, with the exception of awards.  Procedural Order No. 1 § 16.3.  Thus, formal notification occurred on April 5, 2016.  Using that date, the petition to vacate would be due on July 4, 2016.

process certainly falls under the contractual language of 'notices, requests, demands or other communications to or upon the respective parties'").

In an abundance of caution, however, if this Court were to interpret 9 U.S.C. § 12 to require that notice of a motion to vacate actually be served upon the adverse party or his attorney "within three months after the award is filed or delivered," and that service upon Canada via email in accordance with Procedural Order No. 1 was not valid, Petitioner Mesa Power moves this Court to authorize service on Canada's counsel, Ms. Sylvie Tabet, as specified below.

Mesa Power requests this relief on an **expedited basis** due to the fact that, as noted above, pursuant to 9 U.S.C. § 12, service of the notice of the motion to vacate must be accomplished by July 4, 2016.

The Petition was filed on June 13, 2016; on June 14, 2016, Petitioner served the 1) Civil Cover Sheet, 2) Summons, 3) Petition and Motion to Vacate Arbitration Award, 4) Supporting Memorandum and Exhibits, 5) the Request for Service Abroad of Judicial or Extrajudicial Documents, and 6) Proposed Order on the Government of Canada and its attorney, Ms. Sylvie Tabet,in multiple ways.  First, Petitioner effected service via the Clerk of this Court by Registered International Mail with Return Receipt. Then, each were separately served via USPS Priority Mail with Return Receipt, with attention to Canada's designated Central Authority under the Hague Convention.  Petitioner additionally served Ms. Tabet via FedEx and International Mail with Return Receipt, and again via DHL through the Clerk of this Court.  Finally, Petitioner served Ms. Tabet by electronic mail in the method permitted by the Tribunal's Procedural Order No. 1.  Mesa Power files this motion in an abundance of caution to the extent this Court considers such method of service to not be valid or to the extent this Court considers that 9

U.S.C. § 12 requires that notice of a motion to vacate actually be served upon the adverse party or his attorney "within three months after the award is filed or delivered."

## ARGUMENT

The Hague Service Convention is a multilateral treaty that allows service of process of judicial documents from one signatory state to another without the use of consular and diplomatic channels.  The Hague Service Convention's purpose is to formulate an "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time," and seeking to "improve the organization of mutual judicial assistance for the purpose of simplifying and expediting the procedure." Hague Service Convention Preamble.

To that end, the Hague Service Convention contemplates a procedure for signatory countries to designate a "Central Authority" to receive and facilitate service of process from other countries.  See Hague Service Convention, Arts. 2-6. The principal method of service under the Convention is through the designated Central Authority.  In addition to e-mail, it is pursuant to that method of service that Mesa Power is serving Canada.

However, as noted above, 9 U.S.C. § 12 provides that "[n]otice of a motion to vacate, modify, or correct an award **must be served upon the adverse party or his attorney** within three months after the award is filed or delivered."  (Emphasis added).  Some courts have interpreted this statute strictly and have held that actual service, not merely filing, must be accomplished in the three-month period.

Given the time constraints that are imposed by 9 U.S.C. § 12 to "serve" Canada or its counsel with notice of the motion to vacate, Mesa Power moves this Court to authorize service upon Canada's counsel, Ms. Sylvie Tabet, via International Mail, E-mail with Delivery and Read

Receipt Requested., DHL and FedEx.   <u>See</u> 9 U.S.C. § 12 (authorizing service of notice of a motion to vacate on the attorney of the adverse party).

While the principal method of service under the Convention is through the designated Central Authority, the Hague Service Convention contemplates that service can be accomplished through postal channels.   Article 10 of the Hague Service Convention provides that:

> *Provided the State of destination does not object, the present Convention shall not interfere with--**(a) the freedom to send judicial documents, by postal channels, directly to persons abroad**.*   (Emphasis added).

The United States and Canada, both of which are parties to the Hague Service Convention, have not objected to Article 10, which as noted, allows the use of postal channels for service of process.   <u>See</u>, <u>e.g.</u>, <u>Chrysler Corp. v. Gen. Motors Corp.</u>, 589 F. Supp. 1182, 1206 (D.D.C. 1984) ("Toyota was served a copy of the summons and complaint at its corporate headquarters in Japan, by registered mail, return receipt requested…. [T]he government of Japan has not objected to subsection (a) of Article 10 of the Hague Convention….That subsection provides that the state of destination does not object to, '(a) the freedom to send judicial documents, by postal channels, directly to persons abroad ...' The service of the summons and complaint via this method is proper.") (internal citations omitted); <u>TracFone Wireless, Inc. v. Bitton</u>, 278 F.R.D. 687, 690 (S.D. Fla. 2012) ("The Court observes that many federal circuit and district courts, including this Court and others in the Eleventh Circuit, have held that Article 10(a) permits service by mail unless the recipient State objects to this method"); <u>Ackermann v. Levine</u>, 788 F.2d 830, 838 (2d Cir.1986) (approving service of process by mail under Article 10(a) of Convention).

This Court also has the authority to authorize service via International Mail, E-mail with Delivery and Read Receipt Requested, DHL and/or FedEx pursuant to the Federal Rules of Civil Procedure.

Specifically, Fed. R. Civ. P. 4 provides that:

"*Unless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States:…*

*(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;*

*(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:…*

*(C) unless prohibited by the foreign country's law, by:…*

*(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or*

*(3) by other means not prohibited by international agreement, as the court orders*."

Service via International Mail, E-mail with Delivery and Read Receipt Requested, and DHL/FedEx has previously been used by other courts for service of process in Canada and has been determined to be consistent with the Hague Service Convention and with the Federal Rules of Civil Procedure.  For example, in TracFone, 278 F.R.D. at 687, the court held that "direct service upon both Defendants via mail is permissible under both international law (where applicable) and the laws of Canada."  In doing so, the court authorized service of an individual in Canada pursuant International Mail, E-Mail, and DHL/FedEx.

Mesa Power respectfully requests that this Court do the same here.   Accordingly, Mesa Power requests that this Court authorize service upon Ms. Tabet as follows:

(1) Service by the Clerk and by Mesa Power via Return Receipt for Registered International Mail of two (2) copies of: (1) Mesa Power's Petition and Motion to Vacate Arbitration Award; (2) Summons to the Government of Canada; (3) Civil Cover Sheet; and (4)

"Request for Service Abroad of Judicial or Extrajudicial Documents" to the Ontario Central Authority and Ms. Tabet directly pursuant to Federal Rule of Civil Procedure (4)(f)(1), Rule 4(f)(3), and Article 10 of the Hague Service Convention:

    a.  Government of Canada
        Deputy Attorney General of Canada
        Office of the Deputy Attorney General of Canada
        284 Wellington Street
        Ottawa, Ontario
        K1A 0H8
        Canada

    b.  Ms. Sylvie Tabet
        Counsel for the Government of Canada
        Trade Law Bureau
        Global Affairs Canada
        125 Sussex Drive
        Ottawa, Ontario
        K1A 0G2
        Canada

(2) Service by the Clerk via international DHL and by Mesa Power via FedEx (signature required) of one (1) copy of: (1) Mesa Power's Petition and Motion to Vacate Arbitration Award; (2) Summons to the Government of Canada; (3) Civil Cover Sheet; and (4) "Request for Service Abroad of Judicial or Extrajudicial Documents" pursuant to Rule 4(f)(2)(C)(ii) and Rule 4(f)(3) to:

    a.  Ms. Sylvie Tabet
        Counsel for the Government of Canada
        Trade Law Bureau
        Global Affairs Canada
        125 Sussex Drive
        Ottawa, Ontario,
        K1A 0G2
        Canada

(3) Service via E-mail with Delivery and Read Receipt Requested, attaching one (1) copy of: (1) Mesa Power's Petition and Motion to Vacate Arbitration Award; (2) Summons to

Government of Canada; (3) Civil Cover Sheet; and (4) "Request for Service Abroad of Judicial or Extrajudicial Documents" to: Ms. Sylvie Tabet, sylvie.tabet@international.gc.ca; and shane.spelliscy@international.gc.ca; Counsel for the Government of Canada, sent by Mesa Power pursuant to Rule 4(f)(3).

## **CONCLUSION**

Based on the foregoing, Mesa Power respectfully requests that the Court authorize service on Ms. Tabet via Return Receipt for Registered International Mail, and Mesa Power, E-mail with Delivery and Read Receipt Requested., DHL and FedEx (signature required).  Further, this already has been accomplished and thus we request that the service be deemed effective *nunc pro tunc*.  Each of these services were permitted by TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687 (S.D. Fla. 2012).

Dated: June 14, 2016

Respectfully submitted,

MESA POWER GROUP LLC

s/ A. Katherine Toomey
A. Katherine Toomey
Eric L. Lewis
**Lewis Baach PLLC**
1899 Pennsylvania Ave NW, Suite 600
Washington, DC 20006
Telephone No. 202-833-8900
Katherine.toomey@lewisbaach.com
Eric.lewis@lewisbaach.com

Barry Appleton
**Appleton & Associates**
77 Bloor St. W, Suite 1800,
Toronto, Ontario M5S 1M2
Telephone No.  416.966.8800
DC BAR No: 4458636
bappleton@appletonlaw.com
*Motion for pro hac vice to be filed*

Edward M. Mullins
Florida Bar No.: 863920
M. Cristina Cárdenas
Florida Bar No.: 0672491
**Astigarrga Davis Mullins & Grossman, P.A.**
1001 Brickell Bay Drive, 9th Floor
Miami, FL  33131
Telephone No.  (305) 372-8282
emullins@astidavis.com
*Motion for pro hac vice to be filed*

*Attorneys for Mesa Power Group LLC*

## Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District Court for the District of Columbia by using the CM/ECF system on June 14, 2016.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I will mail the foregoing document by International First-Class Mail and FedEx, postage prepaid and signature required, and by E-Mail with Delivery and Read Receipt Requested within 3 calendar days to the following non-CM/ECF participants:

Ms. Sylvie Tabet
Counsel for the Government of Canada
Trade Law Bureau
Global Affairs Canada
125 Sussex Drive
Ottawa, Ontario,
K1A 0G2
Canada
Email: sylvie.tabet@international.gc.ca;
shane.spelliscy@international.gc.ca;

Government of Canada
Deputy Attorney General of Canada
Office of the Deputy Attorney General of Canada
284 Wellington Street
Ottawa, Ontario
K1A 0H8
Canada

By: A. Katherine Toomey