UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

———————————————————— )
MESA POWER GROUP, LLC )
8117 Preston Road )
Suite 260 West )
Dallas, Texas 75225 )          Case No. 16-cv-1101
                    Petitioner, )
 )
     -against- )
 )
GOVERNMENT OF CANADA )
Department of Foreign Affairs, Trade and )
Development )
Trade Law Bureau )
Lester B. Pearson Building )
125 Sussex Drive )
Ottawa, Ontario )
K1A 0G2 )
CANADA )
                    Respondent. )
———————————————————— 

**COUNTER-PETITION TO CONFIRM AND ENFORCE AWARD AND
ANSWER IN OPPOSITION TO PETITION TO VACATE ARBITRATION AWARD**

Respondent/Counter-Petitioner Government of Canada ("Canada"), by and through its undersigned attorneys, hereby submits its Counter-Petition to Confirm the Arbitration Award in PCA Case No. 2012-17 (the "Award") and Opposition to the Petition of Mesa Power Group, LLC ("Mesa Power") to Vacate the Arbitration Award. This Petition is supported by the accompanying memorandum and points of authority and the following allegations:

**PARTIES**

1.      Respondent/Counter-Petitioner is the Government of Canada.

2.      Petitioner Mesa Power is a Delaware limited liability corporation with its principal place of business in Texas. Its members are Mr. T. Boone Pickens, a U.S. citizen and

resident of Texas, and Mesa Power Renewables MM, LLC, a Delaware limited liability company that is in turn owned by Mr. T. Boone Pickens.

## JURISDICTION AND VENUE

3.      This Counter-Petition seeks confirmation of a foreign arbitral award pursuant to 9 U.S.C. § 201 *et seq*. (the "New York Convention"). This Court has original jurisdiction over the subject matter of this action under 9 U.S.C. § 203 and 28 U.S.C § 1331.

4.      This Court has subject-matter jurisdiction based upon the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1330, 1602 *et seq*.

5.      Mesa Power consented to jurisdiction in the District of Columbia by filing the Petition to Vacate.  The Court also has personal jurisdiction pursuant to the parties' agreement, the Federal Rules of Civil Procedure, and federal and state law.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4) and because Mesa Power has waived the venue privilege by filing a Petition to Vacate the Award in this Court.

## FACTUAL BACKGROUND

7.      This proceeding arises from an arbitration brought by Mesa Power against Canada pursuant to Chapter Eleven of the North American Free Trade Agreement ("NAFTA"). The parties' agreement to arbitrate is found in Articles 1116, 1120 and 1122 of the NAFTA and Mesa Power's act of submitting its claim to arbitration. Exhibit A.

8.      On July 6, 2011, Mesa Power served Canada with a Notice of Intent to Submit a Claim to Arbitration under Chapter Eleven of NAFTA. On October 4, 2011, Mesa Power submitted its claim to arbitration by filing a Notice of Arbitration. The arbitration was captioned Mesa Power Group, LLC v. Government of Canada. The Permanent Court of Arbitration in The

Hague, Netherlands, was chosen to assist in the administration of the arbitration, and the dispute was assigned case number PCA Case No. 2012-17 (the "Arbitration").

9.      Mesa Power claimed damages in compensation for losses purportedly caused by or resulting from what it alleged to be the arbitrary and unfair application of various measures taken by the Government of Ontario and the Ontario Power Authority ("OPA"), an independent non-share-capital and not-for-profit state enterprise owned by Ontario, in connection with the regulation and production of renewable energy in Ontario. Mesa Power alleged that these measures were in violation of Canada's obligations under Articles 1102, 1103, 1104, 1105, 1106 and 1503(2) of NAFTA Chapter Eleven.

10.     Canada denied that the Tribunal had jurisdiction to hear all of Mesa Power's claims, denied any violation of its NAFTA obligations, and denied that the measures in question had caused the losses claimed by Mesa Power. Canada argued, among other things, that the Feed-in Tariff Program (the "FIT Program"), created and implemented to encourage the development of generating facilities using renewable energy sources, constituted "government procurement" under NAFTA Articles 1108(7)(a) and 1108(8)(b), and as such, Canada's obligations under Articles 1102, 1103 or 1106 of NAFTA did not apply.  Canada also denied that any of the challenged measures breached its obligations under Article 1105. Which, as is well accepted in international law, requires the Tribunal to afford significant deference to governments in how they regulate their internal affairs.

11.     Both parties were represented by counsel during the Arbitration. The Tribunal was constituted by three internationally renowned arbitrators and the Tribunal conducted the arbitration in accordance with the arbitration rules agreed to by the parties.   Each side made

numerous written submissions both prior and subsequent to the hearing which was held from October 26 through October 31, 2014.

12.    On March 24, 2016, the tribunal issued the Award. A true copy of the Award is attached as Exhibit B.

13.    The Tribunal rejected Mesa Power's claims, holding that it did not have jurisdiction over Mesa Power's allegations of a breach of Article 1106, that, by reason of Articles 1108(7)(a) and 1108(8)(b) of NAFTA, Mesa Power's claims under Articles 1102, 1103, 1104 and 1106 of NAFTA were dismissed because the FIT Program constituted government procurement, and that Canada had not acted in breach of Article 1105 of NAFTA. See Award ¶ 706.

14.    In an exercise of its discretion pursuant to the governing procedural rules, the Tribunal ordered Mesa Power to bear 100% of Canada's share of the arbitration costs and 30% of Canada's costs. Award ¶ 706.

15.    Under the Award, Mesa Power should have paid Canada a total of CAD 2,948,701 within 30 days of the notification of the Award, or April 23, 2016. Mesa Power has failed and refused to pay.

## REQUEST FOR RELIEF

16.    The Award falls under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards the New York Convention because it is an "arbitral award arising out of a legal relationship," which is considered "commercial" and not "entirely between citizens of the United States." 9 U.S.C. § 202. The New York Convention has been incorporated into Federal law under the Federal Arbitration Act. 9 U.S.C. §§ 201-208.

17.     Under 9 U.S.C. § 207, a party is required to apply for an order confirming an arbitral award falling under the New York Convention within three years after the award is made. Canada meets this requirement.

18.     None of the grounds for refusal or deferral of the Award set forth in Article V of the New York Convention or 9 U.S.C. § 10 apply. Accordingly, the Award must be confirmed pursuant to the New York Convention and 9 U.S.C. § 207.

19.     No prior request has been made for the relief sought herein.

20.     All conditions precedent to the relief requested have occurred or have otherwise been waived or excused.

21.     Respondent/Counter-Petitioner requests an oral hearing. LCvR 7(f) ("A party may in a motion or opposition request an oral hearing").

<h2 align="center"><u>CONCLUSION</u></h2>

WHEREFORE, Respondent/Counter-Petitioner prays that:

a.   The Court deny Mesa Power's Petition to Vacate;

b.   The Court enter an Order, pursuant to 9 U.S.C. § 207, confirming the Award against Mesa Power;

c.   The Court enter judgment on the Award in favor of Canada and against Mesa Power in the amount of CAD 2,948,701, plus interest;

d.   Canada be awarded costs, attorneys' fees and disbursements incurred in bringing this Counter-Petition; and,

e.   Canada be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:   */s/ Edward Baldwin*
      **BAKER & MCKENZIE LLP**
      Edward Baldwin (DC Bar # 973850)
      815 Connecticut Ave. NW
      Washington, D.C. 20006-4078
      Tel: (202) 452-7046
      teddy.baldwin@bakermckenzie.com

By:   */s/  Luis O'Naghten*
      **BAKER & MCKENZIE LLP**
      Luis O'Naghten (admitted *pro hac vice*)
      Florida Bar No.: 622435
      Jessica Marroquin (admitted *pro hac vice*)
      Florida Bar No.: 105360
      1111 Brickell Avenue, Suite 1700
      Sabadell Financial Center
      Miami, Florida 33131
      Tel.:   (305) 789-8900
      Fax:   (305) 789-8953
      luis.onaghten@bakermckenzie.com
      jessica.marroquin@bakermckenzie.com

      *Counsel for Respondent/Counter-Petitioner*
      *Government of Canada*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:  /s/ Edward Baldwin
         Edward Baldwin

**<u>SERVICE LIST</u>**

**MESA POWER GROUP, LLC**
v.
**GOVERNMENT OF CANADA**
**CASE NO.: 1:16-cv-01101-JDB**
**UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA**

<table>
<tr>
<td>

**Eric Leslie Lewis**
**Anne Katherine Toomey**
**Tara Jordan Plochocki**
LEWIS BAACH PLLC
1899 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20006
(202) 833-8900
Fax: (202) 466-5738
Email: eric.lewis@lewisbaach.com
Email: katherine.toomey@lewisbaach.com
Email: tara.plochocki@lewisbaach.com

**Barry Appleton**
APPLETON & ASSOCIATES
800 Connecticut Avenue N.W.
Washington, DC 20006
202-293-0900
Fax: 202-293-0988
Email: bappleton@appletonlaw.com

</td>
<td>

Edward M. Mullins, Esq.
Maria Cristina Cardenas, Esq.
Gregory S. Grossman, Esq.
Astigarraga Davis, Mullins & Grossman
1101 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone:  (305) 372-8282
Facsimile: (305) 372-8202
emullins@astidavis.com
ccardenas@astidavis.com

</td>
</tr>
</table>