UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MESA POWER GROUP, LLC, | ) |
|     Petitioner/Counter-Respondent, | ) Case No. 16-cv-1101 |
| -against- | ) |
| GOVERNMENT OF CANADA, | ) |
|     Respondent/Counter-Petitioner. | ) |

**RESPONSE TO COUNTER-RESPONDENT'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's September 13, 2016 scheduling order, all issues in this case were fully briefed and ripe for judicial consideration as of October 24, 2016. *See* ECF Nos. 1, 21, 22, 30. However, on January 3, 2017, Mesa Power Group, LLC ("Mesa Power" or "Counter-Respondent") filed the four-page Notice of Supplemental Authority ("Notice") without leave of the Court. ECF No. 32.[1] The Notice claims that a subsequent award from a different NAFTA tribunal is relevant to this Court's decision as to whether Mesa has met its heavy burden of establishing one of the enumerated grounds for *vacatur* and devotes roughly two pages to rearguing its case.

Mesa's filing is a procedurally improper red herring designed to distract the Court from the relevant issue in this case: Mesa cannot meet its heavy burden for vacating the Tribunal's Award. Counter-Petitioner the Government of Canada ("Canada") wishes to bring the following specific points to the Court's attention:

---

[1] Mesa asserts that this award was made public on December 6, 2016, but provides no explanation for waiting a month to file it with the Court.

1. First, Mesa's Notice is not a notice at all. It is a surreply submitted under the guise of a notice.

2. The Local Rules of this Court and the briefing schedule entered in this case state that there will be at most three memoranda associated with any given motion or petition: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply. *United States v. Sum of $70,990,605*, 2015 U.S. Dist. LEXIS 27512, *9 (D.D.C. Mar. 6, 2015) (citing LCvR 7). To ensure that notices are not used to circumvent these restrictions, courts require notices to be very short documents that merely explain the authority. *Cf.* FED. R. APP. PRO. 28 (j) (A party may file a letter "setting forth the citations" and "stat[ing] the reasons for the supplemental citations" in 350 words or less) (cited in *Sanders v. District of Columbia*, 2014 U.S. Dist. LEXIS 156954, *2 (D.D.C. No. 6, 2014)).

3. The parties engaged in a full round of briefing, and, pursuant to the Court's order, no more briefing is permitted. Yet, more than two months after the last brief was due, Mesa submitted a filing that is far "more a supplemental memorandum of law than a 'notice.'" *Sanders*, 2014 U.S. Dist. LEXIS 156954 at *2 (finding submission of "notice" containing significant legal argument improper). Indeed, *half* of this four-page "notice" is devoted to rehashing the arguments addressed at length in the Parties' several filings. *See* ECF Nos. 1, 21, 22, 30.

4. Second, Mesa's Notice identifies no authority at all.

5. As Mesa is well aware, decisions from NAFTA tribunals are not binding on any other tribunal. *See, e.g.*, David Horton, *Arbitration as Delegation*, 86 N.Y.U. L. REV. 437, 490 (2011) ("arbitrators need not follow precedent and thus can flout controlling law").[2] While a

---

[2] *See also Methanex v. United States of America*, Decision of the Tribunal on Petitions from Third Persons to Intervene as "Amici Curiae," UNCITRAL, January 2001, ¶ 51 (NAFTA

tribunal may choose to look to another tribunal's decision as persuasive authority, it is by no means obligated to follow its reasoning.

6. Mesa's belief that an award from a different NAFTA tribunal with respect to whether a different measure breaches Canada's obligations under NAFTA is relevant to this Court's *decision to confirm an arbitral award* betrays the same misunderstanding permeating Mesa's other filings, i.e. that petitions to confirm or vacate awards are opportunities to reargue the facts or merits of an award.

7. It is black letter law that courts cannot and will not use *vacatur* petitions to rehear a case. *See, e.g.*, *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2071 (2013) (courts should not second-guess a tribunal's interpretation of the facts, however "good, bad, or ugly"); *Priority One Services, Inc. v. W&T Travel Services, LLC*, 825 F. Supp. 2d 43, 49 (D.D.C. 2011) (courts may not "hear claims of factual or legal error by an arbitrator as they would in reviewing decisions of lower courts"). Rather, the court's inquiry is confined to the specific grounds for *vacatur* discussed at length in Canada's briefing. ECF No. 31 at 5-9 (discussing grounds for *vacatur*).

8. Third, even if this submission is a proper notice and even if this award is considered an authority, it provides no support for Mesa's position. The *Windstream* tribunal did not "reject" the well-established principle of international law that a tribunal must view a domestic authority's actions through a lens of deference.

---

tribunal recognizing that it "can set no legal precedent, in general or at all [and has] no power to determine for other arbitration tribunals how to interpret Article 15(1)"); *Methanex v. United States of America*, Partial Award, UNCITRAL, August 2002, ¶ 141 (noting that other awards are not "sources of law [and cannot] be regarded as authority legally binding upon this Tribunal").

9.     The paragraphs quoted by Mesa merely state the undisputed proposition that a tribunal's decision should be made in light of the facts, not in the abstract.  The Tribunal in this case did just that.  *See, e.g.*, ECF No. 31 at 16 (discussing the Tribunal's analysis of the facts).

10.    The *Windstream* tribunal never stated that this fact-based inquiry was done with no deference.  On the contrary, the *Windstream* tribunal afforded deference to the domestic regulatory authorities.  Indeed, the *Windstream* tribunal deferred to the decisions of the domestic regulators, accepting that their actions were "at least in part driven by a genuine policy concern." *Windstream* at ¶ 376.  In so holding, the tribunal *applied* the principle that domestic authorities should be accorded deference to regulate matters within their borders.

Respectfully submitted this 13th day of January 2017:

By:  */s/ Edward Baldwin*
**BAKER & MCKENZIE LLP**
Edward Baldwin (DC Bar # 973850)
815 Connecticut Ave. NW
Washington, D.C. 20006-4078
Tel:   (202) 452-7046
teddy.baldwin@bakermckenzie.com

By:  */s/ Luis O'Naghten*
**BAKER & MCKENZIE LLP**
Luis O'Naghten (admitted *pro hac vice*)
Jessica Marroquin (admitted *pro hac vice*)
1111 Brickell Avenue, Suite 1700
Sabadell Financial Center
Miami, Florida 33131
Tel:   (305) 789-8900
Fax:   (305) 789-8953
luis.onaghten@bakermckenzie.com
jessica.marroquin@bakermckenzie.com

*Counsel for Respondent/Counter-Petitioner Government of Canada*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:  /s/ Edward Baldwin
Edward Baldwin